United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Michael Blaszczak,
           Debtor.
_____/

Case No. 11-70908-R
Chapter 7

Michael A. Stevenson, Trustee,
           Plaintiff,

v.

Adv. No. 12-5848

Michael Blaszczak,
           Defendant.
_____/

Opinion

I.

On December 3, 2011, Michael Blaszczak filed for chapter 7 relief. Michael Stevenson was appointed the chapter 7 trustee. On the debtor's Schedule A, Blaszczak listed property located at 1512 Hay, Beaverton, MI. He stated the value of the property as $109,000 and the amount of the secured claim as $127,536. The debtor also listed property located at 2040 St. Clair Blvd., Algonac, MI. The properties were held jointly by the debtor and his estranged wife. The debtor received his discharge on May 15, 2012, and the case was closed on June 11, 2012.

On June 12, 2012, the St. Clair County Circuit Court entered a judgment of divorce in the debtor's and his estranged wife's divorce case. The judgment awarded the debtor the Beaverton property (referred to in the judgment as the Gladwin property) and the debtor's ex-wife the Algonac property.

On June 26, 2012, the trustee filed a motion to reopen the case, stating that he had discovered

a previously undisclosed asset. The Court entered an order reopening the case on July 18, 2012.

On October 23, 2012, the trustee filed this complaint seeking to revoke the discharge. The trustee alleged that, on June 25, 2012, he received information from the Gladwin County Treasurer's office that the debtor owned a 40 acre parcel of land. This property had not been disclosed on the debtor's schedules. Upon further investigation, the trustee discovered two additional properties (lot 401 and outlot B), adjacent to the debtor's Beaverton property, that had not been disclosed.

The Court conducted a trial on June 27, 2013, and took the matter under advisement.

II.

Section 727 of the Bankruptcy Code provides in pertinent part:

> (d) On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the Court shall revoke a discharged granted under subsection (a) of this section if—

> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of the such discharge.

11 U.S.C. § 727(d)(1).

"Revocation of a debtor's discharge is an extraordinary remedy, so § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation." *Buckeye Retirement Co., LLC v. Heil* (*In re Heil*), 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003). The moving party must demonstrate by a "preponderance of the evidence" that the discharge should be revoked. *Yoppolo v. Sayre* (*In re Sayre*), 321 B.R. 424, 427 (Bankr. N.D. Ohio 2004).

In order to revoke the discharge under § 727(d)(1), the actions of the debtor "must fit into one of the § 727(a) exceptions to discharge had the facts been known and a complaint filed prior to the discharge." *Heil*, 289 B.R. at 906. *See also Davis v. Osborne*, 476 B.R. 284, 293 (Bankr. D. Kan. 2012) ("The phrase 'discharge was obtained through the fraud of the debtor' has been

2

construed to refer to the behavior that would be sufficient for the denial of discharge under § 727(a)(2)-(5)." (footnote omitted)). The trustee alleges that, had the information regarding the undisclosed property been known to the trustee prior to the discharge, the debtor would have been denied a discharge under §§ 727(a)(2)(A) and 727(a)(4)(A).

To prevail under § 727(a)(2)(A) the moving party must establish that, (1) the debtor transferred or concealed property, and (2) the transfer or concealment was made with the intent to defraud the bankruptcy trustee. *Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 683 (6th Cir. 2000). "Omitting information from bankruptcy schedules constitutes a concealment both before and after the filing of the bankruptcy petition." *Cox v. Cox* (*In re Cox*), 2013 WL 66282, *3 (Bankr. N.D. Ohio Jan. 4, 2013). The debtor's failure to list the property in question on his schedules constitutes concealment of property.

"[A] finding of fraudulent intent is a question of fact that is highly dependent on the bankruptcy court's assessment of the debtor's credibility." *Jahn v. Hughs* (*In re Hughes*), 490 B.R. 784, 792 (Bankr. E.D. Tenn. 2013)(internal quotation marks and citation omitted). A pattern of omissions on the part of the debtor is often sufficient to find fraudulent intent, but an innocent mistake or error will not suffice. *Keeney*, 227 F.3d at 686; *see also Heil*, 289 B.R. at 908. Fraudulent intent can be found where the defendant demonstrates "reckless disregard or indifference for the truth." *Heil*, 289 B.R. at 908; *see also Sayre*, 321 B.R. at 427; *Olsen v. Slocombe* (*In re Slocombe*), 344 B.R. 529, 536 (Bankr. W.D. Mich. 2006).

The debtor and his ex-wife purchased the Hay Rd. property and the 40 acre lot together on land contract in 2002. There is a parcel of land between the two properties. They also purchased separately for cash lot 401 and Outlot B. In 2004, they obtained a mortgage from Washington

3

Mutual Bank on the Hay Rd. property and the 40 acre lot and paid off the land contract. In 2007, they remortgaged the property to obtain a lower interest rate. The debtor testified that at the time, he believed the mortgage covered the Hay Rd. property and the 40 acre lot, only. However, he later discovered that the bank had included lot 401 and Lot B in the mortgage. After the debtor filed his bankruptcy petition, it was determined that the 40 acre parcel was actually not included in the mortgage.

The debtor testified that he did not include the 40 acre parcel, lot B, and lot 401 on his schedule A because he thought they were all included in the mortgage. He stated that he knew the properties were separate, but because they were all included on one mortgage, he thought it was sufficient to simply list the Hay Rd. property. He further testified that the value he listed for the Hay Rd. property was the value of all 4 parcels combined.

The Court concludes that the debtor acted with reckless indifference to his obligation to truthfully provide the information required in his schedules. His statement that he did not list the other properties because they were included in the mortgage simply does not make sense. He understood that they were separate properties and whether or not they were mortgaged is irrelevant to the debtor's obligation to disclose them. As it turned out, the 40 acre parcel was not subject to the mortgage and the trustee was eventually able to liquidate it. The fact that the property was not disclosed hindered the trustee's ability to perform his duties. The Court therefore concludes that the debtor would have been denied his discharge under § 727(a)(2)(A).

Likewise, the Court concludes that the debtor would have been denied his discharge under § 727(a)(4). Under that section, a plaintiff must prove that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made


12-05848-wsd    Doc 33    Filed 08/15/13    Entered 08/15/13 13:50:35    Page 4 of 5

the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Keeney*, 227 F.3d at 685. Statements made by a debtor in his bankruptcy schedules, his personal statement of financial affairs, and at 341 meetings are all statements made under oath. *Noland v. Johnson* (*In re Johnson*), 387 B.R. 728, 743 (Bankr. S.D. Ohio 2008) (citations omitted).

As noted above, the debtor made a false statement on his schedules and knew that the statement was false. Further, the debtor's fraudulent intent was established by his reckless disregard for the truth. The Court also finds that the statement was material because it hampered the trustee's ability to recover an asset of the estate. *See In re Keeney*, 227 F.3d at 686 (Statements are material if they concern the discovery of assets or the existence and disposition of a debtor's property.).

Finally, the Court concludes that the trustee did not know of the debtor's fraud until after the discharge was granted. As noted, the debtor received his discharge on May 12, 2012. On June 26, 2012, the trustee received information from the Gladwin County Treasurer's Office regarding the undisclosed 40 acre parcel. This led to the trustee's discovery of the other two undisclosed parcels. Accordingly, the debtor's discharge is revoked.

Not for publication

**Signed on August 15, 2013**

                                                     **/s/ Steven Rhodes**
                                                    **Steven Rhodes**
                                                    **United States Bankruptcy Judge**